T. H. EDMONDSON *v.* J. M. GRANBERRY ET AL.

TAX TITLES.    *Sale to state in* 1868.    *Lodgment of deed with clerk.    Acknowl-
edgment.    Code* 1857, *ch.* 111, § 9, *arts.* 36 *and* 39 (*pp.* 80, 81).    *Laws*
1863, *p.* 111.

Although a tax collector's conveyance of lands sold to the state for
taxes in 1868 was not acknowledged for more than two years after
its date, which is also that of the sale, it is not void for noncom-
pliance with the provision of the code of 1857 (Code, pp. 80, 81), as
amended by the act of 1863 (Acts, p. 111), requiring such convey-
ances to be "acknowledged in due form before the clerk of the
probate court, and filed in his office on or before the second Mon-
day of July, there to remain two years from the date of sale, un-
less sooner redeemed," when the certificate of acknowledgment
recites a delivery at the date of the deed, and there is no evidence
that it was not in fact lodged with the clerk for the period re-
quired by law.

FROM the chancery court of Sunflower county.

HON. A. H. LONGINO, Chancellor.

The appellees filed their bill for the cancellation of certain
conveyances, under which the appellant claimed, as clouds upon
their title, and the controversy turned upon the validity or in-
validity of a sale to the state for taxes in 1868, under which
the ancestor of the appellees had purchased the land from the
state in July, 1871.    The deed of Eli Waites, tax collector,
dated July 6, 1868, shows that the land was struck off to the
state for taxes on that day.    It was not acknowledged by him,
however, until July 13, 1870, more than two years after the
day of sale, but by the certificate of acknowledgment it was
acknowledged to have been delivered on the day of its date.
The statute under which the sale was made contained the fol-

lowing provision in respect to the execution of deeds to the state: "If, upon offering all the land of any delinquent taxpayer, no person will bid for it the whole amount of the taxes and all costs, the collector shall strike off the same to the state, and convey the same in one deed, to be acknowledged in due form before the clerk of the probate court." Code 1857, p. 80.

The only evidence the deed bore of filing was an indorsement showing that it was filed for record September 14, 1870. There was no evidence to indicate whether or not it had ever been, in fact, lodged or filed with the clerk of the probate court as required by the law in force at the time, which was as follows:

"The collector shall file all deeds for land sold to the state, or other persons, in the office of the clerk of the probate court of the county on or before the second Monday of July, there to remain for two years from the day of sale, unless sooner redeemed; and the owner of such land may redeem the same within said two years," etc. Code 1857, pp. 80, 81; Acts 1863, p. 111.

*T. R. Baird* and *Nugent & McWillie,* for the appellant.

Upon the evidence in the record, negative and positive, we have a right to say that the tax collector's deed of July 6, 1868, was not executed and deposited with the probate clerk in the manner and at the time provided by law, and that it did not there remain an executed instrument showing an inchoate title in the state for the period allowed for redemption, and that it is void in consequence. The statute then in force required that tax deeds to state should be acknowledged by the collector, in due form, before the clerk of the probate court, and that after that was done they should be filed in the office of the clerk on or before the second Monday in July, and remain in the clerk's office for two years from the date of sale, unless sooner redeemed. Code 1857, pp. 80, 81; Acts 1863, p. 111.

It has been recently held by this court that when, during the year allowed for redemption, a tax deed is by the clerk marked

canceled, and is delivered to one supposed to be the owner of the land, who promises to pay the redemption money, but several weeks afterwards discovers that he is not the owner and returns the deed without paying, the tax title is rendered void, although it was all done within one year, and the clerk, on the return of the deed, had stricken off the indorsement of cancellation. *Adams* v. *Mills*, 71 Miss., 150. This decision, it will be observed, avoids the title because the deed was, for a short time, withdrawn from the clerk's office and marked canceled—all that was done arising out of mistake. In the case at bar the negative evidence shows that the instrument, in its acknowledged state, was not filed with the probate clerk until after the full period of redemption had expired. Certainly no deed "acknowledged in due form" was there filed until after the lapse of that period, and we are justified in assuming that it was not filed and acknowledged, since, under the requirements of the statute as well as in the natural order of events, the acknowledgment would precede its lodgement with the clerk.

*P. C. Chapman* and *Calhoon & Green*, for the appellees.

There is no evidence that the collector's deed to the state, of July 6, 1868, was not lodged with the probate clerk for two years, as required by law. The presumption in favor of a discharge of that official duty by the collector is not overcome by any evidence to the contrary; and, besides, it appears from the certificate of acknowledgment that he delivered the deed on the day of its date. *Adams* v. *Mills*, 71 Miss., 150, has no application to this controversy, because it was there affirmatively shown that the deed was withdrawn from the clerk's office during the period allowed for redemption.

Argued orally by *T. A. McWillie*, for the appellant, and by *P. C. Chapman* and *Marcellus Green*, for the appellees.

WHITFIELD, J., delivered the opinion of the court.

The failure to acknowledge the deed made in 1868 until July

13, 1870, did not invalidate the sale. When acknowledged, the acknowledgment recited that it was delivered on the day of its date, the sixth day of July, 1868. The filing on the fourteenth of September, 1870, was a filing for record. The deed, not having been shown not to have been lodged with the probate clerk for the two years required, and the acknowledgment being of delivery on the day of its date, it sufficiently appears that the deed was lodged with the probate clerk for the two years. The acknowledgment was for the purpose of registration. The owner, whose land had been sold for taxes, was as fully apprised of all his rights as to redemption by the deed, thus lodged at the place and with the officer and for the period designated by law, unacknowledged, as if it had been acknowledged. Acknowledgment added nothing to his information on that subject, and in no way affected his rights as to redemption. The sale to the state in 1882, for the taxes of 1881, was void, as held in *Redmond* v. *Banks*, 60 Miss., 293.

*Affirmed.*