PETER T. RAINEY v. LAMB HARDWOOD LUMBER COMPANY.

[45 South., 367.]

TAXATION. *Tax deeds. Unsigned deed.*

> An unsigned tax deed is invalid, and is not aided by the name of
> the tax collector in its body, even if written by himself.

FROM the chancery court of, first district, Tallahatchie county.

HON. PERCY BELL, Chancellor.

The Lamb Hardwood Lumber Company, a corporation, appellee, was complainant in the court below; Rainey, appellant, was defendant there. From a decree in complainant's favor defendant appealed to the supreme court.

The purpose of complainant's bill was to cancel a tax title claimed by Rainey to certain land. The case was tried on an agreed statement of facts, showing substantially regular tax proceedings except that the tax collector, by oversight, failed to sign and acknowledge the deed on the day of the sale, but the tax collector's name in the first line of the tax deed, quoted in the opinion of the court, was written by his authority and direction; the deed was filed with the clerk of the chancery court of the county as provided by law, on the day of the sale, but was not signed and acknowledged by the tax collector until two years later.

The complainant's title to the land — the tax deed being invalid — was perfect.

*Dinkins & Caldwell,* for appellant.

The tax collector's failure to subscribe the deed did not vitiate it. In *Gibbs* v. *Dortch,* 62 Miss., 671, this court held that a tax collector's certificate to a list of lands sold to the

state is not void because the officer's name was not subscribed thereto, if it appeared in the body thereof.

The tax collector in the case at bar did sign and acknowledge the deed, some two years after the sale and this signing related back to the date of the deed. In *Edmondson* v. *Granberry*, 73 Miss., 723; s.c., 19 South., 676, it was held that an acknowledgment two years after the tax deed was made, reciting that the deed was delivered on the date shown in the deed, was valid and the owner of the land described therein was sufficiently charged with notice of the sale by the filing of the tax deed with the clerk of the chancery court.

Under Sec. 79, Constitution 1890, the courts of this state are required to apply the same liberal principle in favor of tax titles as in cases of sales under execution; and, in *Virden* v. *Bowers*, 55 Miss., 1, and *Wolfe* v. *Murphy*, 60 Miss., 1, this court held that if the power to sell exist, no mere irregularity in its exercise will avoid the sale. Applying the principles which govern the validity of sales under execution to the case at bar, we find that many sales under execution, more irregular than the tax sale under which appellant claims title, have been held valid. In *Kingham* v. *Glover*, 45 Am. Dec., 756, it was held that a sheriff's deed to land, made several years after the sale, related back to the date of the sale. The same was held in *Jackson* v. *Ramsey*, 15 Am. Dec., 242, where the deed was not executed until after suit begun.

It is not disputed that the land was legally assessed, that the taxes were due and unpaid, and that the board of supervisors authorized the sale according to law. The tax deed was filed with the clerk of the chancery court on the day of the sale as required by law, and appellee was thereby given constructive notice that title would pass by the deed unless the land should be redeemed within the statutory period. No constitutional right of appellee has been violated, and if it lose the land it can charge the loss to its own default.

*Tim E. Cooper,* for appellee.

Code 1892, § 3817, as amended and carried into Code 1906, § 4332, provides a simple form of tax collector's deed to be subscribed by the tax collector and provides that "the conveyance shall vest in the purchaser a perfect title to the lands sold for taxes, subject to the right of redemption; and no such conveyance shall be invalidated in any court except by proof that the land was not liable to sale for the taxes, or that the taxes, for which the land was sold had been paid before the sale, or that the sale had been made at the wrong time and place." This statute was not intended to cure all defects of a tax sale, and it has no application, according to its own terms, unless a conveyance such as it provides was made by the tax collector.

No tax sale is provable by parol; and no statute gives to any step taken by the officer the effect of *prima facie* evidence of the regularity of his proceeding until and unless a tax deed is made by him in substantial compliance with the statute. Needless confusion would result if parol evidence were permitted to be given of what was done by the tax collector and what effect he intended his acts to have in the establishment of a tax sale. No case can be found in this state in which a tax sale has been upheld in the absence of a tax deed properly executed. Certainly Code 1892, § 3817, contemplated a deed subscribed by the tax collector. There is a blank left, in the statutory form of tax deed, at the end of the deed, for his signature; and it is that signature which authenticates the instrument. While, in the past, the cross-mark of the Saxon and the seal of the Norman became the important authentication in the execution of deeds, subsequently, by reason of the enactment of the Statute of Frauds, signing has become an essential element of a deed. 1 Devlin on Deeds, § 231. The signature is now the proper method of authenticating a deed. *Jones v. Gurlie,* 61 Miss., 423.

There is nothing in the evidence to show that the tax col-

lector ever adopted the signature appearing in the body of the tax deed; and, in absence of his subscribing his signature, the deed failed in every substantial prerequisite, and was mere waste paper. Blackwell on Tax Titles, 402. No seal is required on the deed of a tax collector, but the auditor of the state, having a public seal, must affix it to his deed, for that is the means by which an instrument executed by him is authenticated; and if this public seal is not affixed to the deed, the instrument is void. *Day* v. *Day,* 59 Miss., 318.

No effect can be given in law to the statement that the tax collector's name in the body of the tax deed was signed or written by that officer. It is just as though he had written with his own hand the instrument, intending, before delivering it, to subscribe it, and had filed it with the clerk of court, omitting by oversight, the final signature. It is clear that the tax collector did not do what the law specifically required, hence the instrument cannot be held to be a valid deed.

The case of *Gibbs* v. *Dortch,* 62 Miss., 1, cited by appellant, is easily distinguishable from the present case. The statute there required the sheriff to certify his list, and the certificate of the officer was that he did certify. A certificate does not have to be subscribed, and so the court very properly held that the certification in the body of the instrument, and reading, " I, Farrar Morrison, sheriff and tax collector in and for the said county and state, do hereby certify that the following is a correct list," was sufficient in law. But if the statute in force at the time had prescribed a form and that form showed that the legislative contemplation was that this certificate should be subscribed, a different conclusion would probably have been reached. See *McQueen* v. *Bush,* 76 Miss., 283; s.o., 24 South., 196, and *Smith* v. *Brothers,* 86 Miss., 241; s.o., 38 South., 353.

The case of *Edmondson* v. *Granberry,* 73 Miss., 723; 19 South., 676, cited by appellant, is not relevant here. The deed in that case had been properly signed and left with the officer, but was not acknowledged. It was held that the only

effect of the acknowledgment was to entitle the deed to be registered and recorded. The deed was valid without the acknowledgment. But in the present case the tax deed was not valid because it was not subscribed by the tax collector.

CALHOON, J., delivered the opinion of the court.

When the tax collector made and delivered the conveyance to the appellant for his bid of $5 in purchase of the land in controversy at tax sale, he did not sign it. The fact that there is at the beginning of the deed the statement that " I, Lent I. Rice, the tax collector of the county of Tallahatchie did, etc., sell the land," does not show a signature; and it is immaterial whether the name appears in his own handwriting or was put in by another by his authority. It was his duty to deposit his deed in the chancery clerk's office, there to remain for the term of two years. In truth, he did not sign it until two years thereafter, and so we say that this is conclusive.

The case of *Edmondson* v. *Granberry,* 73 Miss., 723; 19 South., 676, has no relevancy. The execution of the deed is one thing, because the owner, finding a valid deed there should redeem, whether acknowledged or not. The acknowledgment is simply for registration, and the deed would have been good without it, which is all that is held by the case mentioned. Tax deeds, like all the proceedings in tax sales, must have strict construction in favor of the taxpayer. If the unsigned deed, which was put in the chancery clerk's office, and which did remain there for two years, had been put upon the records as a registered deed, it would not have been notice to anybody; and the taxpayer had the right to see a valid deed when he went to the chancery clerk to redeem.

We do not decide any other question in the case.

*Affirmed.*